1  J Christopher Jorgensen
   Nevada Bar No. 5382
2  LEWIS ROCA ROTHGERBER CHRISTIE LLP
   3993 Howard Hughes Pkwy, Suite 600
3  Las Vegas, NV 89169-5996
   Tel: (702) 949-8200
4  Email: cjorgensen@lewisroca.com

5  *Attorney for Defendant US Compounding, Inc.*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| NUMALE CORPORATION, a Nevada corporation; FELICIANO NUMALE NEVADA, PLLC, a Nevada professional limited liability company; NEVADA NUMALE, LLC, a Nevada limited liability company; NUMEDICAL SC, a Wisconsin service corporation; NUMALE MEDICAL CENTER, LLC, a Wisconsin limited liability company; NUFEMME MILWAUKEE, LLC, a Wisconsin limited liability company, | Case No.   2:21-cv-01304-APG-DJA |
| Plaintiffs, | **DEFENDANT US COMPOUNDING, INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES; JURY TRIAL DEMANDED** |
| vs. | |
| US COMPOUNDING, INC., an Arkansas corporation; DOES I-X; and ROE Corporations or Business Entities I-X, inclusive, | |
| Defendants. | |

Defendant, US COMPOUNDING, INC. ("Defendant" or "US Compounding"), by and through counsel, for its answer to the Complaint filed by the Plaintiffs, NUMALE CORPORATION, FELICIANO NUMALE NEVADA, PLLC, NEVADA NUMALE, LLC, NUMEDICAL SC, NUMALE MEDICAL CENTER, LLC, and NUFEMME MILWAUKEE, LLC (hereinafter collectively the "Plaintiffs"), states as follows:

## PARTIES AND JURISDICTIONAL ALLEGATIONS

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, and therefore denies the same.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2, and therefore denies the same.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3, and therefore denies the same.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4, and therefore denies the same.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, and therefore denies the same.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, and therefore denies the same.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and therefore denies the same.

8. Defendant admits that it is a corporation duly organized and existing under the laws of the State of Arkansas.

9. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations of paragraph 9, and therefore those allegations are denied by operation of Federal Rule of Civil Procedure 8(b)(5) this has the effect of a denial.

10. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations in paragraph 10, and therefore denies the same.

11. Defendant denies the allegations in paragraph 11.

12. Defendant denies the allegations in paragraph 12.

## GENERAL ALLEGATIONS

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and therefore denies the same.

115006974.1

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, and therefore denies same.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, and therefore denies same.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, and therefore denies same.

17. Defendant lacks sufficient knowledge or information to form a belief regarding the Plaintiffs' other sources as discussed in paragraph 17, and therefore those allegations are denied by operation of Federal Rule of Civil Procedure 8(b)(5) this has the effect of a denial.

**503A Compounding Pharmacies vs. 503B Compounding Pharmacies**

18. Defendant denies the allegations in paragraph 18.

19. Defendant denies the allegations in paragraph 19.

20. Defendant denies the allegations in paragraph 20.

21. Defendant denies the allegations in paragraph 21.

22. US Compounding lacks sufficient knowledge or information to form a belief regarding the Plaintiffs' other sources as discussed in paragraph 22, and therefore those allegations are denied by operation of Federal Rule of Civil Procedure 8(b)(5) this has the effect of a denial.

23. US Compounding lacks sufficient knowledge or information to form a belief regarding the Plaintiffs' other sources as discussed in paragraph 23, and therefore those allegations are denied by operation of Federal Rule of Civil Procedure 8(b)(5) this has the effect of a denial.

24. US Compounding lacks sufficient knowledge or information to form a belief regarding the allegations of paragraph 24, and therefore those allegations are denied by operation of Federal Rule of Civil Procedure 8(b)(5) this has the effect of a denial.

**U.S. Compounding False Reporting**

25. US Compounding admits only that it created a "patient" with the name "NuMale Medical — Milwaukee" and a date of birth of April 23, 1965, and entered that "patient's" demographics in the Wisconsin PDMP. Unless expressly admitted herein, US Compounding denies the remaining allegations of this paragraph 25. Unless expressly admitted herein, US

115006974.1

1  Compounding denies the remaining allegations of this paragraph 25.

2      26.    US Compounding admits only that it listed NuMale Medical – Milwaukee's address

3  as 2600 N. Mayfair Road, Wauwatosa, Wisconsin, 53226.  Unless expressly admitted herein, US

4  Compounding denies the remaining allegations of this paragraph 26.

5      27.    Defendant admits the allegations in paragraph 27.

6      28.    US Compounding admits only that it created two "patients" with the name "NuMale

7  Medical" and a date of birth of August 11, 1977, and "NuMale Medical" and a date of birth of

8  August 11, 2017, and entered those "patients" demographics in Nevada's PMP. Unless expressly

9  admitted herein, US Compounding denies the remaining allegations of this paragraph 28.

10     29.    US Compounding admits only that it listed NuMale Medical's address as 5052 S.

11 Jones, Las Vegas, NV 89118.  Unless expressly admitted herein, US Compounding denies the

12 remaining allegations of this paragraph 29.

13     30.    Defendant admits the allegations in paragraph 30.

14     31.    US Compounding admits only that it entered several transactions in the Wisconsin

15 Prescription Drug Monitoring Program listing NuMale Medical – Milwaukee as the customer with

16 clinic as the customer class.  Unless expressly admitted herein, US Compounding denies the

17 allegations of paragraph 31.

18     32.    US Compounding admits only that it entered certain transactions in the Nevada

19 Prescription Monitoring Program listing NuMale Medical as the customer. Unless expressly

20 admitted herein, US Compounding denies the allegations of paragraph 32.

21     33.    US Compounding lacks sufficient knowledge or information to form a belief

22 regarding the allegations of paragraph 33, and therefore those allegations are denied by operation

23 of Federal Rule of Civil Procedure 8(b)(5) this has the effect of a denial.

24     34.    US Compounding lacks sufficient knowledge or information to form a belief

25 regarding the allegations of paragraph 34, and therefore those allegations are denied by operation

26 of Federal Rule of Civil Procedure 8(b)(5) this has the effect of a denial.

27     35.    Defendant denies the allegations in paragraph 35.

28     36.    US Compounding lacks sufficient knowledge or information regarding the

115006974.1

1  remaining allegations of paragraph 36, and therefore those allegations are denied by operation of
2  Federal Rule of Civil Procedure 8(b)(5) this has the effect of a denial.

3        37.    US Compounding lacks sufficient knowledge or information regarding the
4  remaining allegations of paragraph 37, and therefore those allegations are denied by operation of
5  Federal Rule of Civil Procedure 8(b)(5) this has the effect of a denial.

6        38.    US Compounding lacks sufficient knowledge or information regarding the
7  remaining allegations of paragraph 38, and therefore those allegations are denied by operation of
8  Federal Rule of Civil Procedure 8(b)(5) this has the effect of a denial.

9        39.    US Compounding lacks sufficient knowledge or information regarding the
10  remaining allegations of paragraph 39, and therefore those allegations are denied by operation of
11  Federal Rule of Civil Procedure 8(b)(5) this has the effect of a denial.

12        40.    US Compounding lacks sufficient knowledge to form a belief regarding the
13  remaining allegations of paragraph 40, and therefore those allegations are denied by operation of
14  Federal Rule of Civil Procedure 8(b)(5) this has the effect of a denial.

15        41.    US Compounding lacks sufficient knowledge to form a belief regarding the
16  remaining allegations of paragraph 41, and therefore those allegations are denied by operation of
17  Federal Rule of Civil Procedure 8(b)(5) this has the effect of a denial.

18        42.    US Compounding admits, upon information and belief, that Plaintiffs were in
19  discussion with an investment group regarding clinics in Florida: US Compounding lacks sufficient
20  knowledge to form a belief regarding the remaining allegations of paragraph 42, and therefore those
21  allegations are denied by operation of Federal Rule of Civil Procedure 8(b)(5) this has the effect of
22  a denial.

23        43.    Defendant admits the allegations in paragraph 43.

24        44.    Defendant denies the allegations in paragraph 44.

25        45.    US Compounding lacks sufficient knowledge or information to form a belief
26  regarding the allegations of paragraph 45, and therefore those allegations are denied by operation
27  of Federal Rule of Civil Procedure 8(b)(5) this has the effect of a denial.

28        46.    Defendant denies the allegations in paragraph 46.

115006974.1

## FIRST CAUSE OF ACTION

**(Negligence)**

47.   Defendant incorporates by reference its answers to paragraphs 1-46 as if fully set forth herein.

48.   Defendant denies the allegations in paragraph 48.

49.   Defendant denies the allegations in paragraph 49.

50.   Defendant denies the allegations in paragraph 50.

51.   US Compounding admits only that the transactions alleged in Plaintiffs' Complaint involved Testosterone Cypionate (Bulk)/Powder. Unless expressly admitted herein, US Compounding denies the remaining allegations of paragraph 51.

52.   US Compounding lacks sufficient knowledge or information to form a belief regarding the allegations of paragraph 52, and therefore those allegations are denied by operation of Federal Rule of Civil Procedure 8(b)(5) this has the effect of a denial.

53.   US Compounding lacks sufficient knowledge or information to form a belief regarding the allegations of paragraph 53, and therefore those allegations are denied by operation of Federal Rule of Civil Procedure 8(b)(5) this has the effect of a denial.

54.   Defendant denies the allegations in paragraph 54.

55.   Defendant denies the allegations in paragraph 55.

56.   Defendant denies the allegations in paragraph 56.

57.   Defendant denies the allegations in paragraph 57.

## SECOND CAUSE OF ACTION

**(Violation of NRS 598 — Deceptive Trade Practices)**

58.   Defendant incorporates by reference its answers to paragraphs 1-57 as if fully set forth herein.

59.   US Compounding admits only that Plaintiffs quote certain phrases from NRS 598.0915. Unless expressly admitted herein, US Compounding denies the remaining allegations of this Paragraph 59.

60.   Defendant denies the allegations in paragraph 60.

115006974.1

61. Defendant denies the allegations in paragraph 61.

62. Defendant denies the allegations in paragraph 62.

63. Defendant denies the allegations in paragraph 63.

**WHEREFORE,** U.S. Compounding requests judgment in its favor and against Plaintiffs and that Plaintiffs take nothing as a result of its Complaint, for U.S. Compounding's costs and expenses incurred herein, including attorneys' fees, and for such other and further relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof with respect to the matters asserted, US Compounding pleads the following defenses:

1. The damages alleged in paragraphs 1-63 of the Plaintiffs' Complaint are speculative, at best.

## FIRST AFFIRMATIVE DEFENSE

2. US Compounding incorporates its responses to paragraphs 1-63 of its Answer and paragraphs 1-5 of its Affirmative Defenses as if fully set forth herein.

3. US Compounding denies any allegations of Plaintiffs' Complaint that is not specifically admitted above.

4. US Compounding's relationship with the Plaintiffs in connection the sale of the products at issue were governed by contracts.

5. The Plaintiffs' negligence claim are barred by the economic loss doctrine.

## SECOND AFFIRMATIVE DEFENSE

6. US Compounding incorporates its responses to paragraphs 1-63 of its Answer and paragraphs 1-5 of its Affirmative Defenses as if fully set forth herein.

7. US Compounding denies that it owed the Plaintiffs a duty to the Plaintiffs, but if it is established that US Compounding owed a duty, at all times US Compounding observed all legal duties and obligations imposed by operation of law and otherwise, and all of its actions were careful, prudent, proper, and lawful.

115006974.1

**THIRD AFFIRMATIVE DEFENSE**

8. US Compounding incorporates its responses to paragraphs 1-63 of its Answer and paragraphs 1-5 of its Affirmative Defenses as if fully set forth herein.

9. Plaintiffs' claims are barred because the damages alleged by Plaintiffs were not caused by any fault, act, or omission of US Compounding.

**FOURTH AFFIRMATIVE DEFENSE**

10. US Compounding incorporates its responses to paragraphs 1-63 of its Answer and paragraphs 1-5 of its Affirmative Defenses as if fully set forth herein.

11. The physical harm and/or damage allegedly suffered by Plaintiffs was caused, in whole or in part, by Plaintiff' negligence and fault, and therefore, Plaintiffs' recovery, if any, should be diminished in proportion to any fault chargeable to Plaintiff pursuant to the principles of comparative fault.

**FIFTH AFFIRMATIVE DEFENSE**

12. US Compounding incorporates its responses to paragraphs 1-63 of its Answer and paragraphs 1-5 of its Affirmative Defenses as if fully set forth herein.

13. Plaintiffs' alleged damages may have been solely the result of acts, omissions, and/or conduct of other persons over whom US Compounding exercised no control.  These acts and/or omissions may constitute intervening and superseding causes for the damages allegedly sustained by Plaintiffs.  Thus, Plaintiffs' alleged damages may not have been proximately caused by any acts, omissions, or conduct of US Compounding, and Plaintiffs are not entitled to recover any damages against US Compounding.

**SIXTH AFFIRMATIVE DEFENSE**

14. US Compounding incorporates its responses to paragraphs 1-63 of its Answer and paragraphs 1-5 of its Affirmative Defenses as if fully set forth herein.

15. Plaintiffs' claims are barred, in whole or in part, by principles of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

16. US Compounding incorporates its responses to paragraphs 1-63 of its Answer and paragraphs 1-5 of its Affirmative Defenses as if fully set forth herein.

115006974.1

17. Plaintiffs' failed to mitigate their damages and losses allegedly incurred.

## SIXTH AFFIRMATIVE DEFENSE

18. US Compounding reserves the right, until completion of its investigation and discovery, to file such additional defenses, counter-claims, and/or third-party petitions as may be appropriate.

## JURY DEMAND

US Compounding demands a trial by jury for any and all issues so triable.

DATED this 16th day of July, 2021.

        LEWIS ROCA ROTHGERBER CHRISTIE LLP

        */s/ J Christopher Jorgensen*
        J Christopher Jorgensen
        Nevada Bar No. 5382
        3993 Howard Hughes Pkwy, Suite 600
        Las Vegas, NV 89169

        *Attorney for Defendant US Compounding, Inc.*

115006974.1

# CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2021, I caused a true and accurate copy of the foregoing document entitled *Defendant US Compounding, Inc.'s Answer to Complaint and Affirmative Defenses; Jury Trial Demanded* to be filed with the Clerk of the Court via the CM/ECF system, which will send an electronic copy to all interested parties.

    /s/ *Annette Jaramillo*
An employee of Lewis Roca Rothgerber Christie LLP

115006974.1